UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTTIE BERNARD SHAVER,
#405867,

        Petitioner

   - v -

Case No. 1:17-cv-809
HONORABLE GORDON J. QUIST

BONITA HOFFNER,

        Respondent.
_____/

**MOTION TO DISMISS ONLY THE NON-EXHAUSTED CLAIMS STAY PROCEEDINGS ON THE EXHAUSTED CLAIMS AND PERMIT THE PETITIONER TO PROMPTLY EXHAUST THE NON-EXHAUSTED CLAIMS BEFORE RETURNING TO FEDERAL COURT**

NOW COMES Petitioner, by his attorney, Suzanna Kostovski, and respectfully requests this Honorable Court to dismiss only the non-exhausted claims, stay proceedings on the exhausted claims and permit the Petitioner to promptly exhaust the non-exhausted claims before returning to federal court, for the reasons set forth in the accompanying Brief In Support. Concurrence was requested by Assistant Attorney General, Scott Shimkus, but could not be obtained.

        Respectfully submitted,

        /s Suzanna Kostovski
        SUZANNA KOSTOVSKI (P 39535)
        Attorney for Petitioner
        220 Bagley, Suite 1018
        Detroit, MI 48226
        313-965-6050
        skostovski1512@msn.com

Date:    April 10, 2020

**BRIEF IN SUPPORT**

## I. INTRODUCTION AND BACKGROUND

On September 5, 2017, Mr. Shaver filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2254. In the petition, Mr. Shaver raised eight issues. On or about March 23, 2018, the respondent filed Answer in opposition to petition for habeas corpus. On or about May 10, 2018, Petitioner filed a Reply to the Answer.

In the Reply and for the first time, Petitioner raised the issue of why or by whom the cause of death was changed for the death certificate of the victim, Deborah Boothby (who passed away in 1998)(see Exhs A-B and the death certificates, Exhs C and D, attached to the Reply). More recently, Investigator Thomas Bereza has executed an Amended Affidavit, in which he states that he interviewed Dr. Millard about the autopsy of Ms. Boothby and the death certificates. Dr. Millard stated that he was never consulted by anyone regarding Ms. Boothby's death, including police officers, the prosecuting attorney, defense attorneys or investigators. Dr. Millard does not know Waldemar A. Palutke (the doctor who conducted the autopsy), nor has he ever met him or consulted with him regarding this case (see Exh 1, attached). Dr. Millard signed the first death certificate on May 5, 1998, in which the death of Ms. Boothby was ruled an accident (See Exh C to Reply). The second death certificate was not signed by Dr. Millard, nor did he have

anything to do with it. In fact, the signature on the second death certificate looks like it was electronically signed and it appears that the death certificate was amended August 6, 2009, some 11 years after the first certificate was issued.[1]

## II. ARGUMENT

Petitioner is requesting this Honorable Court to dismiss only the non-exhausted claims, stay proceedings on the exhausted claims and permit the Petitioner to promptly exhaust the non-exhausted claims before returning to federal court. In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court has held that a district court has discretion to grant stays in circumstances such as the ones presented here. There is "good cause" for the Petitioner's failure to completely exhaust his claim regarding this newly discovered evidence as to the information provided by Dr. Millard. This information came to light long after the second trial and long after Mr. Shaver had exhausted his state court appeals.

Mr. Shaver will be able to pursue a new trial motion based on newly discovered evidence in state court pursuant to MCR 6.502(G)(2), which provides that "a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim

---

[1] It should be noted that Inhvestigator Bereza requested Dr. Millard to sign and Affidavit, but on the advice of his son (who is an attorney), Dr. Millard refused.

of new evidence that was not discovered before the first such motion.

The standard for granting a new trial on the basis of newly discovered evidence as set forth in MCR 6.502(G)(2), does not require a petitioner to meet all of the elements of the test for a new trial as set forth in *People v. Cress*, 468 Mich. 678 (2003). The plain text of the court rules not require that a defendant satisfy all elements of the test. All that a defendant needs to provide is "a claim of new evidence that was not discovered before the first" motion for relief from judgment. *See also People v Swain*, 499 Mich 920; 878 NW2d 476 (2016).

In this case, Mr. Shaver has provided a claim of new evidence that was not discovered after the first motion for relief from judgment. As such, he will not be barred from pursuing a second and successive motion under MCR 6.502(ZG)(2).

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Petitioner respectfully requests this Honorable Court to dismiss only the non-exhausted claims, stay proceedings on the exhausted claims and permit the Petitioner to promptly exhaust the non-exhausted claims before returning to federal court.

Respectfully submitted,

/s Suzanna Kostovski
SUZANNA KOSTOVSKI (P 39535)
Attorney for Petitioner
220 Bagley, Suite 1018
Detroit, MI 48226
313-965-6050
skostovski1512@msn.com

Date:   April 10, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which shall serve copies on all parties of record.

s/Suzanna Kostovski

## AMENDED AFFIDAVIT OF THOMAS G. BEREZA

STATE OF MICHIGAN )

                SS  )

COUNTY OF KENT )

I, THOMAS G. BEREZA, being first duly sworn, states:

1. That Dr. David Jerome Millard, is retired as the Medical Examiner for Van Buren County.

2. That Dr. Millard was listed on the original Death Certificate–No. 1367508 as the medical examiner for Deborah Kay Boothby. On that death certificate, Dr. Millard listed the cause of death as ACCIDENT, date April 28, 1998.

3. That a second death Certificate–No. 5373 listed the cause of death as HOMICIDE, No. 09010434240. Dr. Millard was also listed at the Medical Examiner on this second death certificate.

4. That there is no explanation report indicating why this change was made, who made the change and why. There is no official report in the County records explaining the existence of the second death certificate.

5. That the second death certificate, No. 5373 was signed by the Clerk of Van Buren County.

6. That Dr. Millard never examined the body of Deborah Kay Boothby or completed an autopsy of her body.

7. That Dr. Millard has retired and all of his records have been destroyed.

8. That Dr. Millard was never consulted by anyone regarding Ms Boothby's death, including police officers, the prosecuting attorney, defense attorneys or investigations. That I was the only person that ever spoke with Dr. Millard.

9. That Dr. Millard stated that he does not know Waldemar A. Palutke, M.D., has never met him nor consulted with him regarding this case. Dr. Millard was informed that Dr. Palutke issued two reports. The final autopsy report and a report describing the injuries to Ms. Boothby.

10. That Dr. Milllard is aware of a letter from Joyce L. DeJong, D.O. to Dr. Rex Cabaltica. This letter is from Sparrow Hospital and relates to this case.

11. That Dr. Millard never testified in court regarding his file and was not involved in its investigation.

12. That I requested Dr. Millard to sign the attached Affidavit about this case and the two death certificates, but Dr. Millard refused on the advice of his son, who is an attorney.

2

FURTHER DEPONENT SAYETH NOT.

*[signature]*
THOMAS G. BEREZA

Subscribed and sworn to before
me on  10 / 21 / 2019

*[signature]*
NOTARY PUBLIC

LIZETTE MESTA
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF KENT
MY COMMISSION EXPIRES 03/18/2023
Acting in the County of Kent

3

# AFFIDAVIT OF DR. DAVID JEROME MILLARD

STATE OF MICHIGAN

COUNTY OF VANBUREN

1. That I, Dr. David Jerome Millard, retired, would testify to the following facts of this case

2. That I was listed on the original Death Certificate – No. 1367508 of Deborah Kay Boothby, listed the cause of death as ACCIDENT. Dated April 26, 1998. The second Death Certificate – No. 5373 listed the cause of death as HOMICIDE. No. 0900434240

3. That I was listed on both of the certificates. (See attached copies)

4. That there is no explanation report indicating why this change was made. Who made the change? Is there a report to this effect?

5. That the Death Certificate - No. 5373 It is signed by the clerk of VanBuren County.

6. That I never examined the body of Deborah Kay Boothby or completed an autopsy of her body.

7. That since I retired, the records have been destroyed.

8. That I have never consulted with anyone regarding this death. That includes Police Officers, Prosecuting Attorney or Attorneys or investigators.

9. That I do not know Waldemar A. Palutke, M.D. I have never met him or consulted with him in reference to this case. I have been informed that he issued two reports. The final Autopsy report and a report giving a description of the injuries to Deborah Kay Boothby. (copies attached)

10. That I am aware of a letter (copy attached) from Joyce L. deJong, D.O. to Dr. Rex Cabaltica. This is from Sparrow Hospital and involves this case.

Page 2

11. That I never testified in court in reference to this file and that I am not involved in it in anyway or it's investigation.

FURTHER AFFIANT SAYETH NOT.

Executed this ___ -day of March, 2018

_____

David Jerome Millard

STATE OF MICHIGAN

COUNTY OF VANBUREN

Subscribed and sworn to before me this _____ day of Mar ch, 2018

_____

_____, Notary Public

_____ County, Michigan

My commission expires: _____