UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SCOTTIE BERNARD SHAVER,

        Petitioner,               Case No. 1:17-cv-809

v.                                      Honorable Gordon J. Quist

BONITA HOFFNER,

        Respondent.
_____/

## ORDER TO STAY

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Scottie Bernard Shaver is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. On June 9, 2011, following a 21-day jury trial in the Van Buren County Circuit Court,[1] Petitioner was convicted of first-degree murder, in violation of Mich. Comp. Laws § 750.316. On July 11, 2021, the court sentenced Petitioner to imprisonment for life without parole.

On August 31, 2017, Petitioner timely filed his habeas corpus petition raising eight grounds for relief, as follows:

    I.     There was insufficient evidence to prove beyond a reasonable doubt that Petitioner had intent to commit first degree, felony murder.

    II.    The state prosecutor knowingly allowed false and perjured testimony to gain an unconstitutional conviction. U.S. Const. Am. XIV.

---

[1] Respondent is advised that the Rule 5 materials submitted to the Court do not include the transcript of the 2011 trial that resulted in Petitioner's conviction. The trial transcript Respondent provided is from a 28-day trial during 2010 that resulted in a hung jury with regard to the charges against Petitioner. If and when Petitioner has exhausted his unexhausted claims and returns to this Court, Respondent must correct that deficiency.

  III. Petitioner was the victim of a *Brady* violation where material evidence crucial to his guilt or punishment was withheld depriving him of his rights to a fair trial.

  IV. Petitioner was denied his right to confront and cross-examine a crucial witness against him regarding the cause of death which was changed from accident to homicide.

  V. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel on his appeal of right. U.S. Const. Ams. VI & XIV.

  VI. Petitioner's trial attorney was constitutionally defective by: failing to investigate the case; failing to utilize the compulsory process to obtain witnesses for the defense; and failing to move for an expert accident reconstructionist.

  VII. Petitioner is entitled to relief because new evidence which was unavailable for his jury trial establishes his actual innocence of murder. U.S. Const. Am. XIV.

  VIII. The state trial judge abused his judicial discretion by circumventing a Sixth Amendment right to confront a specific witness, displaying judicial bias against Petitioner. U.S. Const. Ams. VI & XIV.

(Pet., ECF No. 1, PageID.20.) Respondent has filed an answer to the petition (ECF No. 5) stating that the grounds should be denied because they are not cognizable on habeas review, procedurally defaulted, and/or meritless.

  Petitioner, with the assistance of counsel, filed a reply to Respondent's answer. (ECF No. 7.) By way of that reply, Petitioner introduced new issues that, according to Petitioner, have not previously been considered by the state courts. Accordingly, Petitioner filed a motion for stay and abeyance. (ECF No. 12.) Petitioner invites the Court to dismiss his unexhausted claims, to stay proceedings on his exhausted claims, and to hold these proceedings in abeyance until Petitioner has exhausted his unexhausted claims in state proceedings. Petitioner sought concurrence from Respondent, which was not given, but Respondent has not opposed the motion.

  Under *Rhines v. Weber*, 544 U.S. 269 (2005), such a stay should only be granted if (1) there is good cause for Petitioner's failure to exhaust the unexhausted claims, (2) the

unexhausted claims are not plainly meritless, and (3) there is no indication that Petitioner has engaged in abusive or dilatory litigation tactics. *Id.* at 277-78. The Court finds that Petitioner has made the showing required by *Rhines*. Pursuant to the Sixth Circuit's direction in *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002),

**IT IS ORDERED** that Petitioner's motion to stay (ECF No. 12) is **GRANTED** and Petitioner's unexhausted claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, if Petitioner has not already done so, Petitioner shall have thirty (30) days from the date of this order in which to file a motion for relief from judgment in the Van Buren County Circuit Court setting forth any unexhausted claims that he intends to pursue in his habeas petition.

**IT IS FURTHER ORDERED** that Petitioner's action with regard to his exhausted claims is hereby stayed, and held in abeyance, until Petitioner files a motion to amend his petition to include any subsequently exhausted claims. Such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review.

**IT IS FURTHER ORDERED** that this case shall be administratively closed until such time as Petitioner files a motion to amend his petition in accordance with the procedures set forth in this order.


Dated:   February 16, 2021                             /s/ Ray Kent
                                                       Ray Kent
                                                       United States Magistrate Judge